# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shelia Webb Parker, )<br>)<br>Plaintiff, )<br>) Civil Action No. 9:22-1041-RMG<br>vs. )<br>)<br>Kilolo Kijakazi, Acting Commissioner )<br>of Social Security, )  **ORDER**<br>)<br>Defendant. )<br>_____ ) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on January 6, 2023, recommending that the Commissioner's decision be affirmed. (Dkt. No. 15). Plaintiff filed objections to the R & R, the Commissioner filed a response, and Plaintiff filed a reply. (Dkt. Nos. 16, 18, 20).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard.  *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

Plaintiff asserts two objections to the R & R.  First, Plaintiff asserts that the administrative law judge ("ALJ") erred by failing to explain why Plaintiff's mild, non-severe mental impairments were not included in the RFC.  Plaintiff argues that this is required by the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015).  This issue was thoroughly briefed before the Magistrate Judge, who extensively addressed the issue in the R & R and concluded that *Mascio* does not require a more extensive explanation to justify not including mental impairment limitations in the RFC under these circumstances.

The record before the Court demonstrates that Plaintiff's mental impairments were non-severe and produced mild limitations in two areas, interacting with others and adapting or managing oneself.  These related to a social anxiety disorder and opioid disorder in remission.  The ALJ conducted the special technique to determine the severity of the Plaintiff's mental impairments under 20 C.F.R. §§ 404.1520a(4) and 416.920a(a).   The Magistrate Judge found as follows:

> In sum, the undersigned finds the ALJ properly applied the special technique in assessing Parker's mental impairments.  The ALJ summarized and thoroughly considered the record evidence relating to Parker's impairments, which included treatment records, state agency medical opinions, and mental exams.  The ALJ discussed the relevant evidence in detail and explained the reasoning which supported his determination that Parker's mental impairments were non-severe (a finding Parker does not challenge).  Upon reading the ALJ's opinion as a whole, the ALJ's decision to omit limitations in the RFC related to Parker's mental impairments makes logical sense and does not require remand for further explanation.

(Dkt. No. 15 at 25-26) (internal citations omitted).

The Court finds that the Magistrate Judge ably addressed the factual and legal issues regarding the ALJ's assessment of Plaintiff's non-severe and mild mental impairments and correctly concluded that the reasoning provided was sufficient to explain the decision not to include any mental impairment in the RFC and that *Mascio* does not require more.  Plaintiff's objection to the R & R is simply a rehash of the issues briefed and addressed in the R & R and require no further explanation by the Court.

Second, Plaintiff objects to the Magistrate Judge's conclusion that the Federal Vacancies Reform Act ("FVRA") was not violated when the former Acting Commissioner, Nancy Berryhill, approved the appointment of Social Security ALJs during her second tenure as Acting

Commissioner.  Plaintiff argues that Berryhill's initial temporary appointment expired after 210 days and her second designation as Acting Commissioner, upon the presidential nomination of Andrew Saul, violated the FVRA.  The issue turns on a statutory interpretation of the FVRA regarding whether the nomination of a presidential appointee permits a "spring-back" provision for a formerly appointed Acting Commissioner.

The issue, again, was thoroughly briefed before the Magistrate Judge.  The R & R contains a detailed, thoughtful analysis of the issue and correctly concludes that the statute does contain a "spring-back" provision.  The Magistrate Judge quotes at length a very persuasive decision from the Western District of North Carolina, *Williams v. Kijakazi*, C.A. No. 1:21-141-GCM, 2022 WL 2163008, at *3-4 (W.D.N.C. June 15, 2022), which reached the same conclusion.  The Magistrate Judge also notes that the overwhelming majority of the decisions of district courts which have addressed this issue have rejected Plaintiff's statutory interpretation argument.  (Dkt. No. 15 at 8-10).  Plaintiff's objection is a rehash of issues already thoroughly briefed and addressed in the R & R.  The Court finds no further discussion is necessary.

Based on the foregoing, the Court adopts the R & R of the Magistrate Judge (Dkt. No. 15) as the order of the Court.  The decision of the Commissioner is affirmed.

**AND IT IS SO ORDERED.**


S/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge


Charleston, South Carolina

February 23, 2023